UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER W. CLEMONS A/K/A CLINTON FRENCH, | Civil Action No. 13-3104 (JBS) |
| Petitioner, | |
| v. | **OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Respondents. | |

**APPEARANCES:**

> CHRISTOPHER W. CLEMONS A/K/A CLINTON FRENCH, #04164-015
> FCI McKean
> P.O. Box 8000
> Bradford, PA 16701
> *Petitioner Pro Se*

> PASSAIC COUNTY PROSECUTOR
>     by:  Marc A. Festa, Esq.
> 401 Grand Street
> Paterson, NJ 07505
>     *Attorneys for Respondents*

**SIMANDLE, Chief Judge**[1]

Christopher W. Clemons filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Law Division, Passaic County, on January 7, 2002, after a jury found

---

[1] This case was reassigned to the undersigned following the death of the Hon. Dickinson R. Debevoise in August, 2015.

him guilty of the first-degree attempted murder of Melvin
Simmons on November 3, 1996, and related crimes.  The State
filed an Answer with the record and Clemons filed a Reply.
After carefully reviewing the state court record and the
arguments of the parties, this Court will dismiss the Petition
with prejudice and deny a certificate of appealability.

## I.  BACKGROUND

A.  The Crime

    Clemons challenges a sentence of 30 years in prison with a
15-year period of parole ineligibility, to run consecutively to
a federal sentence imposed by the United States District Court
for the District of Delaware,[2] after a jury found him guilty of
the first-degree attempted murder of Melvin Simmons on November
3, 1996, second-degree aggravated assault, fourth-degree
aggravated assault, second-degree possession of a weapon for an

_____

[2] Clemons is currently serving a 270-month term of imprisonment
imposed in 2000, and amended on May 27, 2015, in United States
v. French, Crim. No. 99-82-1 (GMS) order (D. Del. May 27, 2015),
after a jury convicted him of knowingly possessing with intent
to distribute crack cocaine and knowingly carrying a semi-
automatic pistol during, and in relation to, a drug trafficking
crime.  His projected release date is May 21, 2018.  See Bureau
of Prisons, Inmate Locator, http://www.bop.gov/inmateloc/ (Feb.
17, 2016).

unlawful purpose, and third-degree unlawful possession of a weapon.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state court factual findings are presumed correct unless rebutted by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  As Clemons has not attempted to rebut the factual findings of the New Jersey courts, this Court will rely on those findings.

In denying Clemons' petition for post-conviction relief, the trial court found that the evidence revealed the following facts.  (ECF No. 13-19 at 152-161).  See State v. Clemons, 2011 WL 5105444 (N.J. Super. Ct., App. Div., Oct. 28, 2011).  On November 3, 1996, Clemons was in a hallway at 315 Park Avenue in Paterson playing dice with Melvin Simmons, Shawn Sturdivant, and Rikki Robinson.  Kellone Scott, who was outside the building, entered the building with Marco Simmons, who had come out to talk.  Shawn Sturdivant, and Rikki Robinson, who was Clemons' cousin, testified at trial that an altercation developed over $10 and, after punches were thrown, Clemons left with Robinson. Robinson testified that Clemons drove with Robinson to Clemons' apartment, Clemons went inside and came out five to ten minutes later, and they drove back to 315 Park Avenue.  Robinson

3

testified that, although he had gone back to his own car, he heard a sound that could have been a gunshot.  Scott testified that Clemons got out of the car with a gun in his hand, aimed the gun at Scott and, as Scott was trying to get away, Melvin Simmons tried to stop Clemons and Clemons shot Melvin Simmons in the head.  Melvin fell to the ground and Clemons shot him again and then the gun jammed.

The following month, Timothy Platt was arrested by the Passaic Police Department for terroristic threats and possession of weapons, including a .45 caliber gun.  Police ballistics tests showed that the shell casings found at the scene of Melvin Simmons' shooting were fired from the .45 caliber gun recovered from Platt.  In an interview with the prosecutor, which was admitted at trial, Platt said that on November 3, 1996, Clemons gave him a bag containing the .45 caliber gun, a .22 caliber gun and bullets.  Platt indicated during the interview that the next day he heard that Clemons had shot a person with one of the guns he was holding.  While Platt was in jail he wrote a letter to another inmate indicating that Platt had killed a person in Paterson with a .45 caliber handgun, but during the interview he denied killing anyone.

4

B.   <u>The State Court Proceedings</u>

In February, 1997, a grand jury indicted Clemons for the attempted murder on November 3, 1996, of Melvin Simons by shooting him twice about the head with a .45 caliber Ruger semi-automatic handgun, three counts of aggravated assault, and two weapons offenses.  (ECF No. 13-19 at 37.)  After a trial in November, 2001, a jury found Clemons guilty of first-degree attempted murder, second-degree aggravated assault, fourth-degree aggravated assault, second-degree possession of a weapon for an unlawful purpose, and third-degree unlawful possession of a weapon.  On December 20, 2001, the trial judge granted the State's motion for an extended term and sentenced Clemons to a 30-year term of imprisonment, with 15 years of parole ineligibility, to run consecutively to the sentence imposed in <u>United States v. French</u>, Crim. No. 99-82-1 (GMS) order (D. Del. May 27, 2015).  (ECF No. 13-19 at 44.)  Clemons appealed, and on May 17, 2004, the Superior Court of New Jersey, Appellate Division, affirmed.  <u>See</u> <u>State v. Clemmons</u>, Docket No. A-5983-02T4 sl. op. (N.J. Super. Ct., App. Div., May 17, 2004) (ECF No.

5

13-12).[3]  The New Jersey Supreme Court denied certification on November 5, 2004.  See State v. Clemmons, 182 N.J. 148 (2004) (table).

On January 24, 2005, Clemons filed a pro se petition for post-conviction relief in the trial court.  (ECF No. 13-19 at 143.)  On May 12, 2008, the trial judge denied relief.  (ECF No. 13-19 at 161.)  Clemons appealed, and the Appellate Division affirmed on October 28, 2011.  See State v. Clemons, 2011 WL 5105444 n.1 (N.J. Super. Ct., App. Div., Oct. 28, 2011).  The New Jersey Supreme Court denied certification on May 9, 2012.  See State v. Clemons, 210 N.J. 218 (2012) (table).

C.   Procedural History of § 2254 Petition

On May 8, 2013, Clemons signed his Petition for a Writ of Habeas Corpus and handed it to prison officials for mailing to the Clerk.  (ECF No. 1 at 68.)  The Petition raises the following grounds:[4]

---

[3] Although Petitioner's name is spelled "Clemons," the judgment of conviction and other documents on direct appeal spell his name as "Clemmons."  See State v. Clemons, 2011 WL 5105444 n.1 (N.J. Super. Ct., App. Div., Oct. 28, 2011).

[4] The Court notified Clemons of his right to amend the Petition to include all available federal claims in accordance with Mason

6

Ground One:  THE SIXTH AMENDMENT GUARANTEES A DEFENDANT AN OPPORTUNITY FOR EFFECTIVE CROSS-EXAMINATION OF WITNESSES.

(A) DEFENDANT'S CONSTITUTIONAL RIGHT TO CONFRONTATION WAS VIOLATED WHEN THE STATE USED THE GRAND JURY TESTIMONY OF THE VICTIM/WITNESS MELVIN SIMMONS WHO DID NOT TESTIFY AT TRIAL.

(B) THE ADMISSION OF TIMOTHY PLATT'S TAPE RECORDED TESTIMONY VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION.

(C) DEFENDANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION WAS VIOLATED WHEN THE TRIAL COURT ADMITTED THE PRIOR HEARSAY TESTIMONY OF MARCO SIMMONS INTO EVIDENCE.

Ground Two:  DEFENSE COUNSEL'S DEFICIENT PERFORMANCE RENDERED THE TRIAL PROCEEDINGS CONSTITUTIONALLY INADEQUATE, IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW.

(A) COURSE OF EVENTS RELEVANT TO TRIAL COUNSEL'S DEFICIENT PERFORMANCE.

(B) APPELLATE COUNSEL'S NOMINAL REPRESENTATION ON APPEAL DID NOT SUFFICE TO RENDER THE PROCEEDING CONSTITUTIONALLY ADEQUATE, THUS DEPRIVING THE DEFENDANT OF A BENEFICIAL DIRECT APPEAL.

(ECF No 1 at 18-19.)

The State filed an Answer, arguing that Clemons did not

exhaust his ineffective assistance of trial counsel claim and

_____

v. Meyers, 208 F.3d 414 (3d Cir. 2000), and he declined to do so.  (ECF Nos. 3, 5.)

7

that he has not satisfied the statutory requirements for habeas relief.  (ECF No. 16.)  Clemons filed a Reply.  (ECF No. 20.)

## II.  STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas petition to a state prisoner.  See Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where a state court adjudicated petitioner's federal claim on the merits,[5] as in this case, a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the

_____

[5] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." Shotts v. Wetzel, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

facts in light of the evidence presented in the State court proceeding.'" Parker v. Matthews, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).  "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, 135 S.Ct. 1372, 1376 (2015).  The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits.  See Pinholster, 131 S.Ct. at 1398.

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). "[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," as of the time of the relevant state-court decision.  Woods, 135 S.Ct. at 1376 (quoting White v. Woodall, 134 S.Ct. 1697, 1702 (2014), and Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court

"contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id., 529 U.S. at 413.

Where a petitioner seeks habeas relief pursuant to § 2254(d)(2) on the basis of an erroneous factual determination of the state court, two provisions of the AEDPA necessarily apply. First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005).  Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of

10

the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### III.  DISCUSSION

A.  <u>Confrontation Clause (Ground One)</u>

Clemons raises three Confrontation Clause claims in Ground One.  First, Clemons asserts that he was denied his right to cross-examine the victim, Melvin Simmons, because the State did not call Melvin Simmons to testify at trial, even though Simmons had testified before the grand jury.  Second, Clemons asserts that he was denied his right to cross-examine Timothy Platt and to thereby show that Platt was the shooter where Platt's tape recorded statement to police was admitted after Clemons' attorney stipulated to the admission of the statement if Platt could not be located.  (ECF No. 1 at 43-44.)  Third, Clemons asserts that the trial court denied his right to cross-examine Marco Simmons when the court overruled defense counsel's objection and allowed Officer Randion to testify that Marco had named Clemons as the person who shot Melvin.  (ECF No. 1 at 47-49.)

The Sixth Amendment, made applicable to the States via the Fourteenth Amendment, <u>see</u> <u>Pointer v. Texas</u>, 380 U.S. 400, 403

11

(1965), provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  U.S. Const. amend VI.  "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986) (citations and internal quotation marks omitted) (emphasis in original).

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court changed Confrontation Clause jurisprudence when it held that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has had a prior opportunity for cross-examination."  Id. at 53-54.[6]  The Court defined "testimony" as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.  An

---

[6] Crawford governs Clemons' Confrontation Clause claims because Crawford was decided on March 8, 2004, two months before the Appellate Division affirmed Clemons' conviction on direct appeal.  See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) ("State-court decisions are measured against th[e Supreme] Court's precedents as of 'the time the state court renders its decision.'") (quoting Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003)).

accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Id. at 51 (citations and internal quotation marks omitted).

Clemons asserts that he was denied his right to cross-examine the victim, Melvin Simmons, because the State did not call Melvin Simmons to testify at trial, even though Simmons had testified before the grand jury. Clemons argues: "Simmons implicated defendant as the one who carried out the crime, but counsel for defendant was unable to cross-examine him about his testimony before the grand jury because he failed to testify [at trial], thus preventing defendant from subjecting his testimony to adversarial testing." (ECF No. 1 at 36.)

Clemons argued on post-conviction relief that defense counsel was deficient because counsel didn't object to the State's decision to proceed to trial without the testimony of the victim. The trial court found that, although Melvin Simmons had testified before the grand jury that Clemons shot him, the State did not call Melvin at trial because on the day of the shooting, Melvin had told police that he couldn't remember anything about the shooting. The trial court rejected the

13

Confrontation Clause claim because the State did not use Melvin's grand jury testimony at trial.  The Appellate Division affirmed for the reasons expressed by the trial court, adding that the State was not obligated to call the victim in order to meet its burden of proof.  See State v. Clemons, 2011 WL 5105444 at *1.

The Confrontation Clause is not implicated by Melvin Simmons' grand jury testimony because this testimony was not admitted at Clemons' trial.  See Crawford, 541 U.S. at 53-54 (holding that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has had a prior opportunity for cross-examination.").  Accordingly, the Appellate Division's determination that the State's failure to call Melvin at trial did not implicate the Confrontation Clause is not contrary to, or an unreasonable application of Crawford or other Supreme Court holdings.

Next, Clemons asserts that the admission of Timothy Platt's recorded statement violated his right to confront witnesses against him because Platt did not testify and Clemons had no opportunity to cross-examine Platt when he gave the statement.

14

Clemons acknowledges that defense counsel "decided to stipulate to the tape recorded statement only if the witness does not show up or cannot be located," (ECF No. 1 at 43-44), but argues that the State did not make an adequate effort to find Platt:  "since the State failed to make as vigorous an attempt to secure the presence of Platt as it did to get the prior recorded testimonial, along with the fact that his unavailability was never established . . , Platt's deposition statements contaminated the entire case which had a substantial effect in persuading the jury to find defendant guilty[.]"  (ECF No. 1 at 46-47.)

The trial judge found that Clemons "personally agreed" at a pretrial conference to stipulate to the admission of Platt's recorded statement if Platt did not testify because Platt's statement was integral to Clemons' defense.  See State v. Clemons, 2011 WL 5105444 at *1 ("The court found that defendant 'personally agreed to this procedure' because defense counsel noted that 'the tape recording was exculpatory and important to [defendant's] defense.'")  The trial court further found:

> The only way defense counsel could establish doubt was
> to place the blame upon Timothy Platt.  The taped
> testimony and letter indicated [that Platt] killed a
> person with a 45 caliber handgun.  The two guns were

15

> later found by the police in Mr. Platt's apartment.
> Defense counsel argued to the jury that Timothy Platt
> was the shooter.  Without admitting the taped
> statement, letter and police report into evidence,
> defense counsel would not have had any basis to make
> this argument.

(ECF No. 13-19 at 157.)

The Appellate Division affirmed the determination that counsel was not deficient in stipulating to the admission of Platt's statement because the stipulation was strategic.  See Clemons, 2011 WL 5105444 at *1.

Section 2254(e)(1) requires this Court to presume the correctness of the New Jersey courts' finding that Clemons personally agreed to the stipulation, as Clemons has not rebutted it by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  Nor has Clemons shown that this finding was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)((2).

Clemons has not cited any Supreme Court case holding that a defendant may not waive his rights under the Confrontation Clause.  The Supreme Court noted in Melendez-Diaz v. Massachusetts, 557 U.S. 305, 314 n.3 (2009), that "[t]he right to confrontation may, of course, be waived, including by failure

to object to the offending evidence[.]"   See also United States v. McKenzie, 532 F. App'x 793, 796 (10th Cir. 2013) ("The confrontation clause is not implicated where the defendant seeks to introduce hearsay declarations as part of his defense.") (quoting United States v. Parikh, 858 F.2d 688, 695 (11th Cir. 1988)); United States v. Magloire, 235 F. App'x 847, 850 n.1 (3d Cir. 2007) (holding that there is "no Confrontation Clause violation where defense counsel elicits hearsay statement"); United States v. Cooper, 243 F.3d 411, 418 (7th Cir. 2001) ("Constitutional rights, including the right to confrontation, can be waived.").  Moreover, the Third Circuit has held that counsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, provided the defendant does not dissent from his attorney's decision and counsel's decision to stipulate was "a legitimate trial tactic or part of a prudent trial strategy." United States v. Williams, 403 F. App'x 707, 708 (3d Cir. 2010) (citing United States v. Stephens, 609 F.2d 230, 232–33 (5th Cir. 1980), and United States v. Aptt, 354 F.3d 1269, 1284 (10th Cir. 2004)).

Here, the New Jersey courts found that Clemons personally agreed to counsel's stipulation, that the stipulation was integral to the defense that Platt was the shooter, and that counsel's strategic decision to stipulate was not deficient performance.  As nothing presented by Clemons shows that he dissented from his counsel's stipulation, the New Jersey courts' determination that Clemons waived his right to confront Platt by stipulating to the admission of his recorded statement was not contrary to, or an unreasonable application of Supreme Court precedent.  See Williams, 403 F. App'x at 708-709.  Clemons is not entitled to habeas relief under § 2254(d)(1) or (d)(2) on this claim.

Next, Clemons asserts that the admission of Marco (Van) Simmons statement to Officer Randion (indicating that Clemons was the shooter) violated the Confrontation Clause where Marco did not testify.  The record shows that Officer Randion testified that he was the first officer on the scene after the shooting and he spoke with Marco Simmons, who told him that his brother, Melvin, had been shot.  The prosecutor asked Officer Randion if Marco told him who did the shooting, and Officer Randion testified that Marco said the shooter was Chris.  (ECF

No. 13-3 at 34.)  On cross-examination, Officer Randion conceded that when Marco told him that Chris was the shooter, Randion thought that Marco had witnessed the shooting; Randion further testified that he was not aware that in the statement Marco gave to detectives, Marco said that he had not witnessed the shooting.  Id. at 36.

Clemons raised this Confrontation Clause issue on post-conviction relief, arguing that counsel was deficient in failing to object to admission of Marco's statement through Officer Randion.  The trial court found that Marco's statement was admissible as an excited utterance, but the Appellate Division found this was error.  Nevertheless, the Appellate Division found that any Confrontation Clause error was harmless:

> The victim's brother's statements were not admissible as an excited utterance under N.J.R.E. 803(c)(2) because he did not actually witness defendant shoot his brother . . .  [T]he victim's brother's statement is based on an undisclosed source.
>
> This error does not require reversal, however.  The record shows trial counsel's decision not to aggressively challenge the admission of this statement was not based on his failure to appreciate the legal issue.  Instead, the record shows this was a calculated move by trial counsel to strategically reveal this evidentiary deficiency through his cross-examination of the police officer, thus undermining the witness's credibility as a whole . . .  Any prejudice caused by the admission of this statement in

19

> violation of Crawford is rendered harmless by the
> State's strong evidence attesting to defendant's guilt
> beyond a reasonable doubt.

Clemons, 2011 WL 5105444 at *3.

On direct review, the test for harmless error is whether the error was "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967). In this case, the Appellate Division's determination that the Confrontation Clause error was harmless under Chapman constitutes an adjudication on the merits under § 2254(d). See Davis v. Ayala, 135 S.Ct. 2187, 2198 (2015). Therefore, under § 2254(d), this court may not overturn the Appellate Division's harmlessness decision "unless that court applied Chapman in an objectively unreasonable manner." Ayala, 135 S.Ct. 2198 (citation and internal quotation marks omitted). However, habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Ayala, 135 S.Ct. at 2197 (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). Because Clemons seeks habeas relief, he must meet the Brecht actual prejudice standard and, because the New Jersey courts adjudicated his claim on the merits, he must show that the Appellate Division "applied Chapman in an objectively

20

unreasonable manner."  Ayala, 135 S.Ct. at 2198 (citations and internal quotation marks omitted).

In this case, the record establishes that the evidence against Clemons included the testimony of Kellone Scott and Shawn Sturdivant, who both testified that they knew Clemons before the shooting and that Clemons was the shooter.  In light of this testimony, there is not even a reasonable possibility that, absent admission of Marco's statement, the jury would have acquitted Clemons.  The Appellate Division did not unreasonably apply Chapman when it concluded that the admission of the hearsay statement of Marco Simmons was harmless.

B.    Ineffective Assistance of Counsel (Ground Two)

In Ground Two, Clemons asserts that trial counsel was ineffective in failing to object to the admission of the recorded statement of Timothy Platt and that appellate counsel was ineffective in failing argue on direct appeal that the admission of hearsay at his trial violated the Confrontation Clause under Crawford v. Washington, 541 U.S. 36 (2004).

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  A claim that counsel's assistance was so defective

21

as to require reversal of a conviction has two components, both
of which must be satisfied.  See Strickland v. Washington, 466
U.S. 668, 687 (1984).  First, the defendant must "identify the
acts or omissions of counsel that are alleged not to have been
the result of reasonable professional judgment."  Id. at 690.
The court must then determine whether, in light of all the
circumstances at the time, the identified errors fell "below an
objective standard of reasonableness[.]"  Hinton v. Alabama, 134
S.Ct. 1081, 1083 (2014) (per curiam).  To establish prejudice,
the defendant must show that "there is a reasonable probability
that the result of the trial would have been different absent
the deficient act or omission."  Id., 134 S.Ct. at 1083.  "When
a defendant challenges a conviction, the question is whether
there is a reasonable probability that, absent the errors, the
factfinder would have had a reasonable doubt respecting guilt."
Id. at 1089 (quoting Strickland, 466 U.S. at 695).

(1) Failure to Object to Admission of Platt's Statement

Clemons asserts that trial counsel was "ineffective for
failing to object to, but more so for stipulating to the
testimonial statements of Timothy Platt, which were improperly
allowed to be played to and considered by the jury; of which the

22

State did not make a good-faith effort to locate and secure Platt's appearance to testify at defendant's trial." (ECF No. 1 at 55-56.)  As explained above, the New Jersey courts found that Clemons personally agreed to the stipulation during a pretrial conference and this Court is required to presume the correctness of this finding.  In addition, the New Jersey courts held that counsel was not deficient in stipulating to the admission of Platt's statement because the statement was exculpatory as well as inculpatory and was integral to Clemons' argument that Platt was the person who shot Melvin.  Strickland emphasized that, to establish ineffective assistance, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Strickland, 466 U.S. at 689 (citations and internal quotation marks omitted).

The New Jersey courts' determination that counsel's stipulation to the admission of Platt's statement was not deficient is entirely consistent with Strickland.  Accordingly, Clemons is not entitled to habeas relief under § 2254(d)(1).  He is not entitled to habeas relief under § 2254(d)(2) because the finding that Clemons personally agreed to the stipulation was

23

not an unreasonable determination of the facts in light of the evidence presented.

> (2) Failure to Raise <u>Crawford v. Washington</u> on Direct
>     Appeal

Clemons asserts that appellate counsel was constitutionally deficient in failing to raise his three Confrontation Clause claims under <u>Crawford</u> on direct appeal.  He argues that <u>Crawford</u> was decided two months before the Appellate Division ruled in his case on direct appeal and "counsel had ample time to become familiar with the Supreme Court's monumental decision, changing a two and half decade way of administering law."  (ECF No. 1 at 60.)

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" <u>Evitts v. Lucey</u>, 469 U.S. 387, 392 (1985) (quoting <u>Griffin v. Illinois</u>, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, <u>id.</u> at 396.  The ineffective assistance of counsel standard of <u>Strickland</u> applies to a claim that appellate counsel was ineffective.  <u>See</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); <u>United States v. Cross</u>, 308 F.3d 308, 315 (3d Cir. 2002).  However, appellate counsel is not

24

constitutionally required to raise every nonfrivolous claim requested by the defendant.  <u>See</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983); <u>see also</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000). And "it is a well established principle that counsel decides which issues to pursue on appeal." <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 670 (3d Cir. 1996).

In this case, counsel did not raise any Confrontation Clause claims on direct appeal.  (ECF Nos. 13-10 at 2 and 13-12.)  However, Clemons presented his Confrontation Clause claims on post-conviction relief, and the Appellate Division found that Melvin's failure to testify did not implicate the Confrontation Clause, counsel's decision not to object to the admission of Platt's statement was strategic, and the admission of Marco's statement was harmless error.  Because "counsel cannot be deemed ineffective for failing to raise a meritless claim," the New Jersey courts were not unreasonable in concluding that counsel was not deficient in failing to raise these Confrontation Clause claims on direct appeal.  <u>Ross v. District Attorney of the County of Allegheny</u>, 672 F.3d 198, 211 n.9 (3d Cir. 2012) (quoting <u>Werts v. Vaughn</u>, 228 F.3d

178, 202 (3d Cir. 2000)).  Clemons is not entitled to habeas relief on Ground Two.

## IV.  Certificate of Appealability

Clemons has not made a substantial showing of the denial of a constitutional right.  Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V.  CONCLUSION

This Court denies dismisses the Petition with prejudice and denies a certificate of appealability.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

Dated: February 23, 2016

26